IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN A. MCCORD, *et al.*,          *
                                   *
    Plaintiffs,          *
                                   *
vs.                                *   CIVIL ACTION NO.12-00584-CG-B
                                   *
                                   *
BALDWIN COUNTY, ALABAMA,           *
                                   *
    Defendant.           *

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Baldwin County, Alabama's Motion to Dismiss. (Doc. 5).  The motion, which has been fully briefed and is ripe for resolution, has been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Upon consideration of the motion, and the parties' respective briefs, the undersigned RECOMMENDS that Defendant's Motion to Dismiss (Doc. 5) be **GRANTED**, and that this action be **DISMISSED** with prejudice.

### I. BACKGROUND FACTS

The instant action is one of several lawsuits filed by *pro se* Plaintiffs, John A. McCord and Pamela R. McCord (hereinafter "Plaintiffs" or "the McCords"), in connection with a property dispute that was heard in the Circuit Court of Baldwin County, Alabama.  In state court, Circuit Judge Charles C. Partin ruled

1

against the McCords, and they appealed the adverse ruling to the Alabama Supreme Court.   On appeal, the Alabama Supreme Court affirmed Judge Partin's ruling without an opinion. See McCord v. Dubuisson, 883 S. 2d 273 (2003). Plaintiff then commenced an action in this Court against the Supreme Court of Alabama and Judge Partin.   Plaintiffs asserted that the Supreme Court of Alabama and Judge Partin violated their constitutional rights by issuing and affirming the adverse ruling. See McCord, et al v. Supreme Court of Alabama, et al, Civil Action No. 05-00755-CB-M (S.D. AL).   The Court dismissed the McCords' claims after determining that the Eleventh Amendment and the doctrine of judicial immunity barred the claims.

Undeterred, the McCords filed another federal lawsuit arising out of the state court property dispute.   This time, the McCords named the State of Alabama as the defendant and argued that Judge Partin violated the McCords' constitutional rights when he ruled against them in the state court property dispute. See McCord, et al v. State of Alabama, Civil Action No. 06-00833-CG-C (S.D. AL)(J.Grande)[1].   In that action, the Court found that although the McCords were suing the State of Alabama, as opposed to Judge Partin, their claims were nonetheless barred by

---

[1] Additionally, Plaintiffs made near identical allegations in yet another lawsuit filed with this Court. See McCord, et al. v. State of Alabama, Civil Action No. 09-00182-CG-B. That lawsuit was dismissed due to Eleventh Amendment immunity.

res judicata.   In reaching this conclusion, the Court observed
that there is no dispute that the Baldwin County Probate Court
ruled on the merits of the property dispute and that the Alabama
Supreme Court issued a final judgment on the merits.   The Court
also determined that while the State of Alabama was not a party
to the state court action, the State's interests were adequately
represented in the original suit, and that res judicata extended
to all issues that arose out of the same "operative set of
facts".   Thus, the action was barred. (Id. at Doc. 10, p. 4).

**II. DISCUSSION**

In this action, Defendant argues that the McCords' claims
should be dismissed because the action is barred by the statute
of limitations and res judicata.   Defendant further asserts that
the McCords have not alleged that the purported constitutional
deprivations were the result of a policy or custom of Baldwin
County because Judge Partin is not a policy maker for the
County, and that subject matter jurisdiction is lacking.   In
considering a Rule 12(b)(6) motion to dismiss for failure to
state a claim, the court accepts the non-moving party's factual
allegations as true. Erickson v. Pardus, 551 U.S. 89, 127 S. Ct.
2197, 2200, 167 L. Ed. 2d 1081 (2007).   Moreover, the rules of
pleading require only that a complaint contain "a short and
plain statement of the claim showing that the pleader is
entitled to relief." FED. R. CIV. P. 8(a)(2).   However, the

statement must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

The McCords' claims in this action are due to be dismissed for failure to state a viable claim. In determining the res judicata effect of an earlier state court judgment, this court must apply the res judicata doctrine of the state whose decision the claimant seeks to challenge as a bar to further litigation. See Green v. Jefferson County Com's, 563 F. 3d 1243, 1252 (11th Cir. 2009). For res judicata to apply under Alabama law, these essential elements must be shown: (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. Hughes v. Allenstein 514 So. 2d 858, 860 (Ala. 1987) substituted by Hughes v. Martin, 533 So. 2d 188 (Ala. 1988). "If these essential elements are met, any issue that was or could have been adjudicated in he prior action is barred from further litigation." Id.

In the case sub judice, there is no question that the elements of res judicata have been satisfied. As found by the Court in McCord, et al v. State of Alabama, Civil Action No. 06-00833-CG-C (S.D. Al), there was a final judgment on the merits by the state courts, the state court had competent jurisdiction to hear the property dispute, and while Baldwin County was not a

party to the prior suit, its interests were sufficiently represented, and this action and the underlying property dispute involve the same operative facts.  Thus, Plaintiffs' claims are due to be dismissed.

Alternatively, it is clear that Plaintiffs' claims are barred by the statute of limitations.  While § 1983 has no statute of limitations of its own, the court must look to the forum state's general personal injury statute when determining the timeliness of a § 1983 claim. McNair v. Allen, 515 F. 3d 1168, 1173 (11th Cir. 2008) (citations omitted).  Alabama's statute of limitations for personal injury claims is two years from the date the injury accrued. ALA. CODE § 6-2-38; see Nelson v. Estate of Frederick, 855 So. 2d 1043, 1047 (Ala. 2003).  As a result, since the Alabama Supreme Court affirmed Judge Partin's ruling without opinion in 2003, see Dubuisson, 883 So. 2d 273 (2003), the instant action, which was filed in September 2012, is beyond the applicable two-year statute of limitations.

**III. CONCLUSION**

Based upon a careful review of Defendant's motion, and the briefs in support and in opposition, the undersigned RECOMMENDS that Defendant's Motion to Dismiss be **GRANTED** and that this action be **DISMISSED** with prejudice.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **25th** day of **March, 2013.**

                              /s/ Sonja F. Bivins
                         _____
                         **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F. 2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection,

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED. R. CIV. P. 72(b)(2).

a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  FED. R. CIV. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded).**  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.